**SHNAYDER LAW LLC**
Erica L. Shnayder, Esq.
89 Headquarters Plaza N., Suite 1421
Morristown, NJ 07960
(973) 714-1515
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------------X
ALICIA STOKLOSA,                                   Civil Action No.:

                Plaintiff,

      v.                                                           **COMPLAINT**

FRATELLI BERETTA USA, INC.,
                              **Jury Trial Demanded**
                Defendant.
-------------------------------------------------------------------------X

Plaintiff Alicia Stoklosa ("Plaintiff"), by way of Complaint against Defendant Fratelli Beretta USA, Inc. hereby alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action against her former employer alleging violations of the Family and Medical Leave Act ("FMLA"), the New Jersey Family Leave Act ("NJFLA") and the New Jersey Law Against Discrimination ("LAD"). In order to interfere with Plaintiff's protected rights, Defendant terminated Plaintiff under the pretext of restructuring and financial constraints, *even in the midst of hiring new employees*. In reality, Defendant terminated Plaintiff because she took maternity leave, requested and used workplace accommodations to express breast milk and took time for off for her newborn son's disability, including his neurosurgery and subsequent rehabilitation.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves a federal question under the FMLA, 29 U.S.C. § 2601 et seq. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the alleged unlawful employment practices, occurred in this district.

## PARTIES

4. Plaintiff Alicia Stoklosa is a resident of the State of New Jersey, Morris County.

5. Defendant Fratelli Beretta USA, Inc. ("Fratelli Beretta" and/or "Defendant") is a Domestic Profit Corporation duly incorporated in the State of New Jersey.

6. Defendant Fratelli Beretta is an Italian food company, specializing in Italian-style meats, with its principal place of business located at 750 Clark Drive Mount Olive, New Jersey 07828 ("Mount Olive location").

7. At all times material, Plaintiff was an eligible employee withing the meaning of the FMLA and NJFLA.

8. At all times material, Defendant Fratelli Beretta was a covered employer within the meaning of the FMLA and NJFLA.

9. At all times material, Plaintiff was an employee of Defendant Fratelli Beretta.

**FACTUAL ALLEGATIONS**

10. On or about July 12, 2021, Plaintiff began working for Defendant Fratelli Beretta as a Junior Trade Marketing Manager.

11. Plaintiff's job responsibilities included, but were not limited to, supporting company leadership and the sales force in the launch of new products and customer development opportunities, maintaining product databases, including pricing sheets and ordering sample products for customers.

12. Throughout her employment, Plaintiff performed her duties in an exemplary manner and never received any negative reviews or disciplinary action.

13. During her employment with Defendant Fratelli Beretta, Plaintiff became pregnant with her second child, Mason. Prior to taking maternity leave in March 2023, Defendant Fratelli Beretta's Human Resources Manager, Melissa Huaman ("Huaman"), told Plaintiff that she needed to return to work within six weeks. Only after Plaintiff confronted Huaman with Plaintiff's entitlement to 12 weeks under the FMLA and NJFLA, did Huaman approve Plaintiff's 12-week leave through August 2023.

14. Prior to going out on maternity leave, Plaintiff was permitted to work from home one day per week. However, upon Plaintiff's return in August 2023, Huaman told Plaintiff that she was no longer permitted to work remotely and would have to be in the office five days per week. Huaman provided no explanation for this change in policy toward Plaintiff.

15. Notably, other employees at Defendant Fratelli Beretta continued to work remotely at least two days per week.

16. When Plaintiff returned from maternity leave, she requested a suitable room with privacy, so that she could express breastmilk for her newborn. Although Defendant Fratelli Beretta

initially permitted Plaintiff to use the apartments at the back of the facility, Plaintiff was abruptly denied access to the space without warning in January 2024. Indeed, on or about January 12, 2024, Plaintiff emailed Huaman, "*I went back to pump and Matteo informed me that all three rooms are being occupied. Can you please let me know where I am supposed to go?*"

17. In response, during an in-person meeting, Huaman suggested that Plaintiff could pump breastmilk in the HR office, provided that Plaintiff gave a precise time schedule. Plaintiff explained that she could not predict the exact time she needed to pump nor did Huaman's office offer adequate privacy and cleanliness as people were constantly entering her office for HR matters and the blinds on the window did not block a passerby from seeing into the office.

18. During the conversation, Huaman's facial expressions and body language indicated that Huaman was frustrated by Plaintiff's perceived stubbornness. Huaman reluctantly agreed that Plaintiff would be permitted to go to her house (located approximately ten minutes away) two times per day to pump breastmilk during work hours. Plaintiff continued this arrangement until approximately March 2024 when she stopped pumping breastmilk.

19. On or about March 26, 2024, Plaintiff's one-year-old son, Mason, underwent neurosurgery for Metopic Craniosynostosis (Trigonocephaly); Plaintiff took a six-week leave to care for her son.

20. Following his surgery, Mason was required to attend multiple physical therapy, occupational therapy and/or neurosurgical follow-up appointments each week.

21. Upon Plaintiff's return to work in early May 2024 until approximately September 2024, Plaintiff's husband was able to take Mason to a vast majority of his medical appointments.

22. However, beginning in or around September 2024, Plaintiff was required to consistently take Mason to medical appointments, causing a minor disruption to Plaintiff's work schedule.

23. Mason's therapy appointments were usually scheduled between 8:00 and 8:45 am. Accordingly, on days when Plaintiff took Mason to therapy appointments, Plaintiff would arrive to work late and typically work through her lunch break to make up the time. This arrangement was approved by Plaintiff's direct manager, Jason Kucsma.

24. Although HR became aware of Plaintiff's schedule modification to take Mason to medical appointments, Plaintiff was never offered intermittent leave under the FMLA or NJFLA.

25. Huaman's HR assistant, Sandra Rivera, instructed Plaintiff to notify HR each time she worked through lunch due to Mason having a therapy/medical appointment.

26. Between September 2024 and the time of Plaintiff's termination, Plaintiff was required to take Mason to more than two dozen appointments, causing Plaintiff to arrive to work late or, at times, leave work early. On some occasions, Plaintiff would attend Mason's neurology appointments by phone from the workplace, as approved by Mr. Kucsma.

27. On or about January 24, 2025, Plaintiff was terminated by Huaman under the pretext that Plaintiff's position was being eliminated due to "restructuring of the company." Huaman went on to explain that the company needed to downsize because of financial constraints due to a major product recall in January 2024. When Plaintiff asked whether anyone else was being laid off as part of the "restructuring," Huaman refused to respond and simply handed Plaintiff a separation agreement.

28. Upon information and belief, no other office staff at the Mount Olive location were laid off as part of this alleged "restructuring."

29. In fact, *several days before Plaintiff's termination*, a temporary Purchasing Assistant was hired by Defendant Fratelli Beretta on a permanent basis.

30. As even more evidence of pretext, *within approximately one week of Plaintiff's termination*, Defendant Fratelli Beretta also hired an independent consultant based in Italy, to the Mount Olive location on a permanent basis.

31. Defendant Fratelli even continued to hire new employees to the Mount Olive location within several weeks and/or months of Plaintiff's termination.

32. Immediately following Plaintiff's termination meeting, Plaintiff met with Mr. Kucsma for approximately 45 minutes. Mr. Kucsma assured Plaintiff that her termination was not performance-based. Mr. Kucsma shared that Huaman had previously complained about Plaintiff coming in late and leaving work early for Mason's appointments, working through lunch and being on the phone (for medically related calls). Notably, other employees at the company regularly took personal calls without issue.

33. Defendant terminated Plaintiff because of her one-year-old son's disability, and Plaintiff's need for time off as a reasonable accommodation.

34. Defendant terminated Plaintiff based on concerns that Plaintiff would need more time off in the future to care for her son.

35. Defendant violated the FMLA and NJFLA by attempting to discourage Plaintiff from taking leave and terminating her employment because she required qualifying leave.

36. Defendant retaliated against Plaintiff because she requested disability leave.

37. Defendant terminated Plaintiff in order to interfere with, restrain, or deny the exercise of or the attempt to exercise her rights under the FMLA and NJFLA.

38. As a result of the Defendant's discriminatory and intolerable treatment of Plaintiff, she suffered severe emotional distress and physical ailments.

39. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

40. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands liquidated damages and punitive damages as against the Defendant.

## AS A FIRST CAUSE OF ACTION
## UNDER THE FMLA
## INTERFERENCE WITH EXERCISE OF RIGHTS AND RETALIATION

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

42. Pursuant to 29 U.S.C. §2615(a)(1): "Exercise of Rights. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."

43. Pursuant to 29 U.S.C. §2615(a)(2): "Discrimination. It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

44. Defendant violated the FMLA by, *inter alia*, attempting to discourage Plaintiff from taking leave, including intermittent leave, and terminating her employment in retaliation for her FMLA-qualifying leave.

45. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

## AS A SECOND CAUSE OF ACTION
## UNDER THE NJFLA
## INTERFERENCE WITH EXERCISE OF RIGHTS AND RETALIATION

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

47. Pursuant to N.J.S.A. 34:11B-9: "It shall be unlawful for any employer to interfere with, restrain or deny the exercise of, or the attempt to exercise, the rights provided under this act or to withhold the benefits provided for under this act" or for an employer to "discharge or discriminate against an individual for opposing a practice made unlawful by this act."

48. Defendant violated the NJFLA by unlawfully interfering with, restraining, or denying the exercise of Plaintiff's rights by, *inter alia*, attempting to discourage Plaintiff from taking leave, including intermittent leave, and terminating her employment in retaliation for her NJFLA-qualifying leave.

49. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

## AS A THIRD CAUSE OF ACTION
## UNDER THE LAD
## **DISCRIMINATION**

50. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

51. Pursuant to N.J.S.A. § 10:5-12: "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: a) For an employer, because of disability . . . to refuse to hire or employ or to bar or to discharge or require to retire . . . from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

52. Defendant engaged in an unlawful discriminatory practice by terminating Plaintiff because of her association with her son who is a member of a protected group.

53. Under the LAD, employers must accommodate breastfeeding employees by providing them reasonable break time each day and a suitable room or other location with privacy to express breast milk for the child. An employer may not penalize an employee for asking to use or for using this accommodation.

54. Defendant engaged in an unlawful employment practice by penalizing Plaintiff for requesting a breastfeeding accommodation as required under the LAD.

55. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. A declaratory judgment that the employment practices of Defendant complained of herein violate the FMLA, NJFLA and LAD;

B. Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendant's unlawful discharge and to otherwise make Plaintiff whole for any losses suffered as a result of Defendant's unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation;

D. Awarding Plaintiff punitive damages in an amount to be determined at trial;

E. Awarding liquidated damages to the Plaintiff;

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of this action;

G. Awarding prejudgment interest on all amounts due;

H. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: June 3, 2025

    **SHNAYDER LAW LLC**
    *Attorneys for Plaintiff*

By: */s/ Erica L. Shnayder*
    Erica L. Shnayder, Esq.
    89 Headquarters Plaza N., Suite 1421
    Morristown, NJ 07960
    (973) 714-1515
    erica@eshnayderlaw.com

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

Dated:  June 3, 2025

                                          **SHNAYDER LAW LLC**
                                          *Attorneys for Plaintiff*

                                  By:  */s/ Erica L. Shnayder*
                                       Erica L. Shnayder, Esq.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Erica L. Shnayder, Esq. as trial counsel in this action.

Dated:  June 3, 2025

                                          **SHNAYDER LAW LLC**
                                          *Attorneys for Plaintiff*

                                  By:  */s/ Erica L. Shnayder*
                                       Erica L. Shnayder, Esq.